UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John R. Wittmer,

Plaintiff,

v.

Principal Financial Group,

Defendant.

No. _____

**COMPLAINT**

Hoversten, Johnson, Beckmann & Hovey, LLP, Attorneys for Plaintiff, John S. Beckmann (Attorney Registration No.: 6051) and Samantha E. Erickson (Attorney Registration No.: 0396457), 807 West Oakland Avenue, Austin, Minnesota 55912, 507-433-3483 telephone.

John R. Wittmer, for his Complaint states:

**JURISDICTION AND VENUE**

1.      Jurisdiction is conferred under 29 U.S.C. § 1132(e) in that Plaintiff's claim is governed by the Employment Retirement Income Security Act of 1974 as amended (ERISA), 29 U.S.C. § 1001, *et seq.*

2.      This court has jurisdiction over this action pursuant to 29 U.S.C. § 132(e)(1), ERISA § 502(e)(1).

3.      Venue is proper in this District under 29 U.S.C. § 1132(e)(2) and ERISA § 502(e)(2) because this case involves an employee benefit plan administered in this District and because the Defendant does business in this District.

**PARTIES**

1

4.     Plaintiff, John Wittmer, is a resident of Freeborn County, State of Minnesota.

5.     Plaintiff was formerly employed in the printing industry at Church Offset Printing, a

       business located in Albert Lea, Minnesota.

6.     Plaintiff is a participant in a short term and long term disability plan sponsored by his

       former employer, Church Offset Printing.

7.     Defendant, Principal Financial Group, herein identified as "Defendant Insurer," is a

       company authorized to sell insurance within the State of Minnesota.

8.     At all times relevant, Defendant Insurer, provided long term and short term disability

       insurance to Church Offset Printing employees, and the Plaintiff herein, pursuant to a

       Group Plan identified as P40106.  A copy of that Group Plan is attached as **Exhibit A**.

9.     At all times relevant, Defendant insurer provided Group Member Life Insurance pursuant

       to a group policy #GL P40106 issued to Plaintiff's former employer, Church Offset

       Printing, Inc.  A copy of that Group Policy is attached as **Exhibit B**.

10.    At all times relevant, Plaintiff was an insured with respect to the aforementioned Group

       Plan provided by Defendant Insurer as a consequence of his employment with Church

       Offset Printing.

11.    Plaintiff is a participant and beneficiary in a Federally-qualified ERISA plan and,

       therefore, entitled to initiate action pursuant to Federal law at 29 USCA Section

       1132(a)(1)(B).

12.    This is an action for benefits under the Employment Retirement Income Security Act of

       1974 (ERISA) Section 502(a)  (29 USCA Section 1132) following an adverse benefits

       determination by Plaintiff on Appeal from previous coverage denials.

13.     This Court has subject matter jurisdiction over this case involving a question of Federal

        law pursuant to 28 USCA Section 1331.

### FACTUAL ALLEGATIONS

14.     Plaintiff suffers from severe and disabling chronic pain syndrome resulting from lumbar

        degenerative disc disease.

15.     Under the long term disability plan, "total disability" means that the employee is:

> "A Member who is not working for wage or profit and solely and
> directly because of sickness or injury:
>
> a.      during the Elimination Period and the two year period immediately
>         following the Elimination Period, is unable to perform the majority
>         of the material duties of his or her normal occupation; and
>
> b.      after completing the Elimination Period and the two year period
>         immediately following the Elimination Period, is unable to perform the
>         majority of the material duties of any occupation for which he or she is or
>         may be reasonably become qualified based on education, training or
>         experience.
>
> Disability will be considered to be due to sickness, unless the disability is the
> direct result of, and begins no more than 180 days after, an accidental injury."

        See **Exhibit A**.

16.     Plaintiff was previously employed at Church Offset Printing through the date of

        Plaintiff's formal separation from Church Offset Printing, October 7, 2009.

17.     Plaintiff's back condition renders him unable to perform the majority of material duties of

        any occupation for which he is, or may reasonably become, qualified, and further unable

        to earn 80% of any pre-disability earnings.

18.     Plaintiff ceased work activities for Church Offset Printing on our about October 7, 2009.

19.     Plaintiff has satisfied all applicable terms and conditions of the policy with respect to

payment of his disability benefits.

20. Plaintiff has been continuously disabled since October 7, 2009.

21. Plaintiff is eligible for long-term disability benefits under the ERISA plan above-identified on the basis of the fact that he is "totally disabled" pursuant to the language contained within the policy at set forth at Paragraph 14 above.

22. On or about October 25, 2010, Plaintiff applied to Defendant Insurer for Long Term Disability Benefits available to him through the group employment insurance benefits provided in his workplace as specified at Paragraphs 8 and 15 above.

23. Defendant Insurer initially approved Plaintiff's claim, but wrongfully terminated Plaintiff's Long Term Disability benefits on or about January 2, 2014.

24. Plaintiff timely appealed Defendant Insurer's wrongful denial of his short term disability benefits and submitted additional evidence to that Defendant between June 2014 and March 2015, including a letter from Plaintiff's treating physician indicating that:

> "Mr. Wittmer is currently disabled and has been unable to perform the majority of the material duties of any occupation for which he is, or may reasonably become, qualified ..."

Further, Plaintiff's treating doctor opines that Plaintiff's inability to perform the ordinary tasks and duties of his job is a direct consequence of his chronic pain.

25. Plaintiff's application, appeals and written evidence submitted with those appeals, establishes that the Plaintiff has been unable to perform the majority of the material duties of any occupation for which he is, or may reasonably become, qualified.

26. On April 1, 2015, Defendant Insurer denied Plaintiff's claim for Long Term Disability benefits.

27.    Plaintiff's lumbar degenerative disc disease is ongoing and progressive. Accordingly, Plaintiff is presently eligible for Long Term Disability benefits.

28.    Plaintiff has exhausted all administrative remedies precedent to initiating this action.

## COUNT ONE

29.    Plaintiff re-states and re-alleges the allegations in paragraphs 1-26 herein.

30.    Plaintiff is entitled to receive benefits under the Long Term Disability plan.

31.    Defendant's denial of Long Term Disability benefits violates ERISA.

32.    By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for his Long Term Disability plan benefits plus interest and reasonable attorney's fees and costs, as well as a declaration that Plaintiff is entitled to benefits under the Long Term Disability plan.

## COUNT TWO

33.    Plaintiff re-states and re-alleges allegations in paragraphs 1-31 above.

34.    During the term of his employment at Church Offset Printing, Inc., Plaintiff was insured under a plan providing Member Accidental Death and Dismemberment Insurance, that contract of insurance identified at Paragraph 9 as above-stated.

35.    Member Life Insurance and Member Accidental Death and Dismemberment Insurance remains in full force and effect during a period of a member's total disability under a provision of the policy attached herewith as **Exhibit B** identified as Coverage During Disability.

36.    To be qualified for coverage during Disability, Plaintiff must (1) become totally disabled while insured for Member Life Insurance and (2) become totally disabled prior to the

earlier of retirement or attainment of age 60; and (3) remain totally disabled continuously and (4) be under the regular care and attendance of a physician; and (5) send proof of total disability to the Principal when required; and (6) submit to physician's examinations when required.  See **Exhibit B**, Part IV–Benefits (a) coverage qualification (–GC 150-2 at page 4).

37.   Plaintiff qualifies for coverage during disability in accord with the policy language cited in the preceding paragraph.

38.   Plaintiff has submitted appropriate proof of total disability to the Principal and has made himself available for medical examinations as required as conditions precedent to continue Member Life Insurance and Member Accidental Death and Dismemberment Insurance.

39.   Pursuant to the Group Member Life Insurance policy attached as set forth at Paragraph 9 above, Plaintiff was entitled to a premium waiver commencing 9 months after the date that the Member became totally disabled and continuing until the present.  See **Exhibit B** herewith attached at Article VI–Subd. d at GC150-2 Section A-Member Life Insurance Page 4.

40.   Defendant Insurer's denial of Plaintiff's claims for long term disability benefits, accordingly, has also resulted in Plaintiff being denied insurance coverage for which he would be otherwise eligible by reason of premium waiver as established in the Group Life Insurance policy contractual provisions relating to Coverage During Disability.

41.   Defendant's denial of applicable coverage under the Group Member Life Insurance Policy as above-alleged, is wrongful and constitutes a violation of ERISA.

42.     By reason of the foregoing, Plaintiff is entitled to a declaration of this Court reinstating all insurance coverage to which he is entitled under the Group Member Life Insurance Policy attached as **Exhibit B**, that coverage otherwise specified as Member Life Insurance and Member Accidental Death and Dismemberment Insurance.

## COUNT THREE

43.     Plaintiff re-states and realleges allegations in Paragraphs 1 through 41 above.

44.     Defendant's violations of ERISA and other wrongful acts and failures to comply with applicable federal regulations have forced Plaintiff to initiate this present action.

45.     As a direct result of Defendant's violations, acts, and failures to comply with applicable federal law, Plaintiff has incurred attorney's fees and costs.  Plaintiff is entitled to recover his attorney's fees and costs pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, John Wittmer, requests that this Court:

A.     Order Defendant insurer to pay Plaintiff Wittmer benefits under the Long Term Disability plan plus interest accrued on benefits wrongfully denied; and

B.     Declaring that Defendant is entitled to insurance coverage under the Group Member Life Insurance Policy applicable to his employment at Church Offset Printing, Inc., and that such coverage should continue subject to a premium waiver as established by the Group Policy; and

b.     Awarding to Plaintiff his costs, disbursements and other expenses of this litigation and reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g); and

C.      Awarding such other and further relief as the Court deems just and reasonable.

HOVERSTEN, JOHNSON, BECKMANN &
HOVEY, LLP

Dated:                                        _____

John S. Beckmann
Attorney Reg. No. 6051
Samantha E. Erickson
Attorney Reg. No. 0396457
807 West Oakland Avenue
Austin, Minnesota 55912
Phone          507-433-3483
Fax            507-433-7889
Email          jbeckmann@hoverstenlaw.com

Attorneys for Plaintiff